UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-MC-62437-DIMITROULEAS/AUGUSTIN-BIRCH

NATIONWIDE JUDGMENT RECOVERY,
INC.,

    Plaintiff,

v.

RACHEL ELISTIN,

    Defendant,

v.

BROWARD COUNTY SCHOOLS,

    Garnishee.
_____/

## REPORT AND RECOMMENDATION ON CLAIM OF EXEMPTION

THIS CAUSE is before the Court on Defendant Rachel Elistin's Claim of Exemption and Request for Hearing ("Claim of Exemption") [DE 52] and Plaintiff Nationwide Judgment Recovery Inc.'s Sworn Written Statement Opposing Defendant's Claim of Exemption (the "Opposition") [DE 53]. The Honorable William P. Dimitrouleas, United States District Judge, referred this case to the undersigned Magistrate Judge for appropriate disposition or a report and recommendation. DE 36. The Court held a hearing on the Claim of Exemption and the Opposition on March 7, 2023. Plaintiff's counsel, Alison Emery, appeared at the hearing via Zoom. Neither Defendant, nor any representative for Defendant, appeared at the hearing. Having carefully considered the Claim of Exemption, the Opposition, the evidence in the record, the applicable law, and being otherwise sufficiently advised, the Court **RECOMMENDS** that Defendant's Claim of

Exemption be **DENIED** for the following reasons: (1) Defendant failed to comply with the Court's Order Setting Evidentiary Hearing on Claim of Exemption ("Order Setting Evidentiary Hearing") [DE 54] by failing to appear at the hearing on March 7, 2023; (2) Defendant failed to carry her burden of proving her entitlement to her claimed exemption; and (3) the record before the Court shows that Defendant does not meet the requirements of the claimed exemption.

I.   BACKGROUND

This action was filed on November 30, 2020, to recover on a Final Judgment entered against Defendant on August 14, 2017, in the Western District of North Carolina.  DE 1; s*ee also Bell v. Disner, et al.*, No. 3:14-cv-91 (W.D.N.C. Aug. 14, 2017), DE 179 (the "ZeekRewards Suit").  The complaint in the ZeekRewards Suit alleged "a massive Ponzi and pyramid scheme through ZeekRewards . . . in which over 700,000 participants lost over $700 million dollars." ZeekRewards Suit, DE 1 ¶ 1.  The court in the ZeekRewards Suit entered an Order Granting Motion to Enter Final Judgments Against Certain Net Winner Class Members.  ZeekRewards Suit, DE 178.  The court entered Final Judgment against Defendant as a member of the defendant class. ZeekRewards Suit, DE 179 and DE 179-1 at 73.  The Final Judgment entered against Defendant was for $80,322.32.  ZeekRewards Suit, DE 179-1 at 73.  The Final Judgment entered against Defendant was subsequently assigned to Plaintiff, and Plaintiff registered the Final Judgment in the Southern District of Florida on November 30, 2020.  DE 1 at 1, 11-12.

Plaintiff thereafter filed a Motion for Issuance of Continuing Writ of Garnishment against Broward County Schools ("Motion for Continuing Writ"), Defendant's employer.  DE 34.  This Court entered an Order granting Plaintiff's Motion for Continuing Writ, directing the Clerk to issue a continuing writ of garnishment to Broward County Schools.  DE 46 at 3.  The Clerk issued the Continuing Writ of Garnishment.  DE 47.  Broward County Schools filed its Answer to the

Continuing Writ of Garnishment on January 12, 2023.  DE 49.  In its Answer, Broward County Schools stated that it employs Defendant, that Defendant is paid bi-weekly salary or wages, that Defendant was paid in the gross amount of $3,132.73 for the pay period during which the Continuing Writ of Garnishment was served, and that Defendant had disposable earnings of $2,799.45 for that pay period.[1]  *Id.* ¶¶ 1-2.  Broward County Schools further stated that under 15 U.S.C. §§ 1671-1673, the total amount of wages that could be withheld from Defendant's bi-weekly pay was $699.86 for that particular pay period.  *Id.* ¶ 3.[2]

Defendant made a timely *pro se* Claim of Exemption as to the Continuing Writ of Garnishment against Broward County Schools.  DE 52.  Defendant claimed an exemption under "Head of family wages," checking the box to state that she "provide[s] more than one-half of the support for a child or other dependent and ha[s] net earnings of $750.00 or less per week."  *Id.* at 2.  Plaintiff filed its sworn written Opposition stating that Plaintiff "has no information or evidence to support the allegations in [Defendant's] Claim of Exemption and in fact would show that [Broward County Schools'] Answer itself indicates that [Defendant] earns more than $750.00 per week, contrary to her allegation concerning same."  DE 53 at 5.  The Court entered an Order Setting Evidentiary Hearing, setting the hearing on the Claim of Exemption for March 7, 2023.  DE 54.

At the hearing, the Clerk's Office confirmed that the Order Setting Evidentiary Hearing had been mailed to Defendant.  Plaintiff's counsel stated that she had attempted to contact

---

[1] "The term 'disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld."  15 U.S.C. § 1672(b); *see also* Fla. Stat. § 222.11(1)(b) ("'Disposable earnings' means that part of the earnings of any head of family remaining after the deduction from those earnings of any amounts required by law to be withheld.").

[2] 15 U.S.C. § 1673(a) states that the maximum garnishment of "aggregate disposable earnings" for a workweek is the lesser amount of 25% of the weekly disposable earnings or the amount of disposable earnings greater than 30 times the federal minimum wage.

3

Defendant by phone and by email to try to resolve the garnishment without further Court intervention, but that she did not hear back from Defendant prior to the hearing. The Court noted for the record that its Order Setting Evidentiary Hearing stated that "Defendant's failure to appear at the evidentiary hearing may result in the denial of Defendant's claim of exemption for failure to comply with court order and failure to carry Defendant's burden to prove her eligibility for the claimed exemption." *Id.* at 2. The Court also noted for the record that Plaintiff's counsel had made attempts to contact Defendant prior to the hearing.

## II.  LEGAL STANDARD

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides that the procedure for execution on a money judgment or in proceedings supplementary "must accord with the procedure of the state where the court is located," while "a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). According to Florida statute, any person or entity who has obtained a judgment "has a right to a writ of garnishment." Fla. Stat. § 77.01. Continuing writs of garnishment against salary or wages proceed under Florida law according to section 77.0305. Section 77.0305 states that

> if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order.

*Id.* § 77.0305. If a continuing writ of garnishment is issued, a defendant can claim an exemption to the garnishment. *See id.* § 77.041. The procedure as to a defendant's claim of exemption provides: "[u]pon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as practicable to determine the validity of the claimed exemptions." *Id.* § 77.041(3).

4

At the hearing on the defendant's claim of exemption, "[t]he Defendant bears the burden of proving his entitlement to one of the statutory exemptions." *Stone Inv. Dakota LLC v. De Bastos*, No. 17-61422, 2019 WL 5291003, at *3 (S.D. Fla. Aug. 19, 2019), *report and recommendation adopted,* No. 17-61422-CIV, 2019 WL 5290853 (S.D. Fla. Aug. 28, 2019); *see also Cadle Co. v. Pegasus Ranch, Inc.*, 920 So. 2d 1276, 1277 (Fla. 4th DCA 2006) (stating that the defendant would have had the burden of proving his entitlement to the claimed exemptions at the evidentiary hearing). "Since the [head-of-family] exemption's purpose is to prevent the families of debtors from becoming public charges, [the exemption] should be liberally construed in favor of the debtor." *Ulisano v. Ulisano*, 154 So. 3d 507, 508 (Fla. 4th DCA 2015) (quotation marks omitted).

### III. DISCUSSION

**A. Defendant failed to comply with the Court's Order Setting Evidentiary Hearing.**

The Court's Order Setting Evidentiary Hearing specifically stated that "Defendant's failure to appear at the evidentiary hearing may result in the denial of Defendant's claim of exemption for failure to comply with court order and failure to carry Defendant's burden to prove her eligibility for the claimed exemption." DE 54 at 2. Despite the hearing being set at Defendant's request on her Claim of Exemption, Defendant failed to appear at the hearing. The Court therefore recommends that, due to Defendant's failure to comply with the Court's Order Setting Evidentiary Hearing by failing to appear at the March 7, 2023 hearing, Defendant's Claim of Exemption be denied.

**B. Defendant failed to carry her burden to prove entitlement to the claimed exemption.**

A defendant in a garnishment action "bears the burden of proving his entitlement to one of the statutory exemptions." *Stone Inv. Dakota LLC*, 2019 WL 5291003, at *3. Defendant therefore

had the burden of proof as to her entitlement to the claimed "Head of family wages" exemption at the hearing on March 7, 2023. Defendant failed to appear and therefore failed to present any evidence or testimony in support of her claimed "Head of family wages" exemption. The Court therefore finds that Defendant failed to carry her burden as to the claimed exemption and recommends that Defendant's Claim of Exemption be denied on this basis also.

### C. Defendant does not meet the requirements of the claimed exemption.

The Court reviewed the record and notes that Defendant claimed that her wages were exempt under the "Head of family wages" exemption, stating that she "provide[s] more than one-half of the support for a child or other dependent and ha[s] net earnings of $750.00 or less per week." DE 52 at 2. However, as Plaintiff noted in its sworn written Opposition, Broward County Schools' Answer contradicts Defendant's Claim of Exemption. *See* DE 53 at 5 (stating that Plaintiff "has no information or evidence to support the allegations in [Defendant's] Claim of Exemption and in fact would show that the Answer itself indicates that [Defendant] earns more than $750.00 per week, contrary to her allegation concerning same"). Broward County Schools' Answer stated that for the bi-weekly pay period during which the Continuing Writ of Garnishment was served, "the amount of [Defendant's] gross salary or wages was $3,132.73" from which certain amounts were withheld by law, "resulting in disposable earnings of $2,799.45." DE 49 ¶ 2. Taking Broward County Schools' Answer as true, Defendant therefore has net disposable earnings of approximately $1,399.72 per week. Defendant's claim that she has net earnings of less than or equal to $750.00 therefore rings untrue. Even construing the evidence in the record liberally, the Court's independent review of the record shows that Defendant does not qualify for the claimed exemption due to her net weekly earnings. Since the evidence in the record contradicts

6

Defendant's claimed exemption, the Court recommends that Defendant's Claim of Exemption be denied on this basis as well.

## IV. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant Rachel Elistin's Claim of Exemption [DE 52] be **DENIED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file, or seek an extension of time to file, written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 9th day of March, 2023.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE